CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 05 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JAMES RANDOLPH INGRAM, JR.,** | ) | **CASE NO. 7:13CV00058** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **HAROLD CLARK, et al.,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Respondents.** | ) | |

James Randolph Ingram, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the August 23, 2003, judgment of the Circuit Court for the City of Roanoke under which he stands convicted of animate object sexual penetration and sentenced to 50 years, with 10 years suspended. Upon review of the record, the court summarily dismisses the petition as untimely filed.

**I**

Based on Ingram's petition and state court records found online, judgment was entered against Ingram on or about August 23, 2003 in the Circuit Court for the City of Roanoke. Ingram appealed, and the Court of Appeals of Virginia denied his appeal in May 2004. He did not appeal this disposition to the Supreme Court of Virginia. Ingram filed a petition for a writ of habeas corpus in the Supreme Court of Virginia in October 2004, which was refused in May 2005. Ingram did not file any further pleadings regarding this conviction or sentence until October 2012, when he filed a petition for a writ of habeas corpus in the Circuit Court for the City of Roanoke. That petition was dismissed in January 2013.

Ingram signed and dated his § 2254 petition on February 4, 2013. He alleges that (1) petitioner did not understand the court proceedings because of his learning disabilities; (2) trial

counsel provided ineffective assistance of counsel regarding petitioner's learning disabilities; (3)

the trial judge sentenced petitioner above the guidelines; and (4) the trial judge failed to grant

petitioner an "EEG test . . . because of [his] s[ei]zure." By order entered February 13, 2013, the

court notified Ingram that his § 2254 petition appeared to be untimely and directed him to submit

within ten days any additional argument or evidence concerning the timeliness of his § 2254

petition or why he failed to submit that petition within the allotted time. The order also advised

Ingram that failure to respond by the deadline would result in dismissal of the petition as

untimely filed. The allotted time has elapsed, and petitioner has not responded with additional

information.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28

U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment

of conviction becomes final, when the availability of direct review is exhausted. See 28 U.S.C.

§ 2244(d)(1)(A).[1] Under 28 U.S.C. § 2244(d)(2), however, the one-year filing period is tolled

while an inmate's "properly filed application for State post-conviction or other collateral review"

is pending. If the district court gives the defendant notice that the petition appears to be

---

[1] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Ingram's § 2254 petition is untimely under § 2254(d)(1)(A). Under this section, Ingram's conviction became final in May 2004, when he did not appeal the ruling of the Court of Appeals of Virginia to the Supreme Court of Virginia, and at that point, his one-year period to file a § 2254 petition began running. The period was tolled during the pendency of his state habeas petition in the Supreme Court of Virginia from October 2004 to May 2005, see § 2244(d)(2), but the period began running again when the state petition was denied. The federal filing period under § 2244(d)(1)(A) expired for Ingram in May 2006. Ingram filed his federal petition in February 2013, nearly eight years after his conviction became final. Ingram does not state facts on which he would be entitled to have his federal filing period calculated under any of the other subsections of § 2244(d)(1). Furthermore, Ingram's second state habeas petition, filed in 2012 after his federal filing period had expired, did not affect the running of the filing period. For these reasons, the court finds that Ingram's § 2254 petition is untimely under § 2244(d)(1)(A) and must be dismissed, absent a showing of grounds for equitable tolling.

Equitable tolling is available only in "those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent. Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005). Generally, an inmate's pro se status and ignorance of the law are not

sufficient grounds to justify equitable tolling. <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004).

Ingram's only argument for equitable tolling is that his unspecified learning disabilities prevented him from understanding the criminal and post-convictions proceedings. In support of this assertion, Ingram submits copies of elementary school records indicating that he had low testing scores and substandard grades. Ingram's vague statements about learning disabilities and his unexplained school records are not sufficient to demonstrate what Ingram's learning disabilities are, whether they made him incompetent for trial, or whether they prevented him from pursuing a timely § 2254 petition. Ingram's factual assertions and attachments also fail to demonstrate that he diligently pursued his rights, and his long delay in filing a federal petition weighs against a finding that he was duly diligent. Finding no ground on which Ingram may invoke equitable tolling, the court dismisses his petition as untimely filed. An appropriate order will issue this day.

For the reasons stated, the court dismisses Ingram's petition as untimely filed. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 5th day of March, 2013.

_____
Chief United States District Judge